**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Mary Elaine Williams,<br><br>Debtor. | Chapter 13<br>Case No. 04-10401-B |
| W. Clarkson McDow, Jr., United States Trustee for Region Four,<br><br>Plaintiff,<br><br>v.<br><br>Lloyd Trotter,<br><br>Defendant. | Adv. Pro. No. 04-_____-B |

**COMPLAINT SEEKING INJUNCTIVE RELIEF AND AN
IMPOSITION OF FINES**

W. Clarkson McDow, Jr., United States Trustee for Region Four, by and through counsel, complaining of the defendant, Lloyd Trotter, alleges and says that:

**PARTIES**

1. W. Clarkson McDow, Jr. is the United States Trustee for Region Four (the plaintiff).

2. Lloyd Trotter (Defendant Trotter) is domiciled in the State of South Carolina.

3. Mary Elaine Williams (the debtor) is a South Carolina resident and the debtor in this bankruptcy case no. 04-10401-B.

## JURISDICTION

4. Jurisdiction for this action is premised upon 28 U.S.C. § 1334(a, b) and 11 U.S.C. §§ 105(a), 110.

5. This adversary proceeding is a core proceeding.  28 U.S.C. § 157(b)(2)(A), (E) and (O).

6. This proceeding arises under Title 11 U.S.C. and arises in and relates to the chapter 13 bankruptcy case of *In re Mary Elaine Williams*, case no. 04-10401-B, pending in the District of South Carolina.

7. Venue of this adversary proceeding appropriately exists in the District of South Carolina.  28 U.S.C. § 1409(a) and 11 U.S.C. § 110(j).

8. The plaintiff has the authority to bring this action pursuant to his statutory authority as set forth at 28 U.S.C. § 586 and 11 U.S.C. §§ 110(j) and 307.

## BACKGROUND

9. Defendant Trotter during the period covered by the acts described in this complaint was not an attorney permitted to practice law in the District of South Carolina or an employee of an attorney.

10. On September 2, 2004, Defendant Trotter filed with this Court a chapter 13 bankruptcy case, the present case, on the debtor's behalf.  He filed the debtor's case without her consent or knowledge.

11. At the time Defendant Trotter prepared the debtor's bankruptcy documents and filed her bankruptcy case for her, he was engaged in the business of assisting delinquent mortgagors

attempting to renegotiate loan delinquencies with their lenders.  During this same time he was also engaged in the business of preparing bankruptcy petitions.

12.  Defendant Trotter is a "bankruptcy petition preparer" as that term is defined at 11 U.S.C. § 110(a).

13.  The debtor learned of Defendant Trotter's services after being solicited by Defendant Trotter by telephone.

14.  The debtor paid Defendant Trotter a total of $820.00, to assist her with her delinquent mortgage loan.  This payment also included bankruptcy petition preparer services to be provided by Defendant Trotter.

15.  Defendant Trotter discussed the debtor's financial problems with her advising her that she may have to file for bankruptcy relief to stop the foreclosure of her home.  Defendant Trotter used the financial and personal information supplied to him by the debtor to draft the debtor's chapter 13 bankruptcy petition and other documents filed with this Court.

16.  The bankruptcy petition and other documents prepared by Defendant Trotter were filed by Defendant Trotter for the debtor with the United States Bankruptcy Court for the District of South Carolina initiating the present case.  Defendant Trotter filed these documents with the Court himself without the debtor's knowledge or consent.

17.  Defendant Trotter's advice to the debtor and his actions on the debtor's behalf constitute the unauthorized practice of law.

## FIRST CAUSE OF ACTION
### [Unauthorized practice of law--11 U.S.C. §§ 105(a), 110]
### [Permanent injunction]

18. The plaintiff realleges here the prior paragraphs of this complaint relevant to and consistent with this cause of action.

19. The advice and assistance provided to the debtor by Defendant Trotter constitute the unauthorized practice of law in the District of South Carolina.

20. The actions of Defendant Trotter are resulting in irreparable harm to the public interest.

21. Defendant Trotter will not refrain from engaging in the unauthorized practice of law unless he is enjoined from doing so.

22. The plaintiff is entitled to an order enjoining Defendant Trotter from engaging in the unauthorized practice of law in the bankruptcy area in any federal district.

## SECOND CAUSE OF ACTION
### [Disgorgement of Fees Received - 11 U.S.C. § 329(b)]

23. The plaintiff realleges here the prior paragraphs of this complaint relevant to and consistent with this cause of action.

24. The compensation paid to Defendant Trotter by the debtor exceeds the reasonable value of the services provided to the debtor.

25. Defendant Trotter failed to disclose in any documents filed with the Court compensation received from the debtor prepetition for bankruptcy-related services. Defendant

Trotter was required to disclose to the Court the compensation paid to him by the debtor in the bankruptcy case filed for the debtor.

26. The plaintiff is entitled to an order canceling the agreement between the debtor and Defendant Trotter and requiring him to disgorge all funds paid by the debtor.

### THIRD CAUSE OF ACTION
**[Failure to print identifying information as a petition preparer - name and address - 11 U.S.C. § 110(b)]**
**[Fine]**

27. The plaintiff realleges here the prior paragraphs of this complaint relevant to and consistent with this cause of action.

28. Defendant Trotter without reasonable cause and at least four times failed to sign the bankruptcy documents which he prepared for the debtor. He also failed to print his name and address on these documents.

29. Defendant Trotter should be fined $500.00, for each violation of subsection (b) of 11 U.S.C. § 110, at a minimum, the sum of $2,000.00.

### FOURTH CAUSE OF ACTION
**[Failure to place identifying number on a prepared document - Social Security number - 11 U.S.C. § 110(c)]**
**[Fine]**

30. The plaintiff realleges here the prior paragraphs of this complaint relevant to and consistent with this cause of action.

31. Defendant Trotter without reasonable cause and at least four times failed to print, after his signature, an identifying number, his Social Security number, on each document prepared for the debtor and used in her bankruptcy case.

5

32. Defendant Trotter should be fined $500.00, for each violation of subsection (c) of 11 U.S.C. § 110, at a minimum, the sum of $2,000.00.

## FIFTH CAUSE OF ACTION
### [Failure to file declaration of fee received - 11 U.S.C. § 110(h)]
### [Turnover]

33. The plaintiff realleges here the prior paragraphs of this complaint relevant to and consistent with this cause of action.

34. Defendant Trotter failed to file a declaration under penalty of perjury disclosing fees received from or on behalf of the debtor which Defendant Trotter received within twelve months immediately prior to the filing of the debtor's bankruptcy case.

35. Defendant Trotter was required to disclose under penalty of perjury within ten days after the filing of the debtor's petition the compensation paid to him by the debtor for bankruptcy petition preparation services.

36. The compensation paid to Defendant Trotter by the debtor exceeds the reasonable value of the services provided to the debtor. The entire amount of fees paid by the debtor to Defendant Trotter should be disgorged.

## SIXTH CAUSE OF ACTION
### [Improper Collection of Court Filing Fee - 11 U.S.C. § 110(g)]
### [Fine]

37. The plaintiff realleges here the prior paragraphs of this complaint relevant to and consistent with this cause of action.

38. Defendant Trotter collected or received a payment from the debtor or on behalf of the debtor for the Court fees in connection with the filing of the debtor's bankruptcy petition.

39. Defendant Trotter should be fined $500.00, for each violation of subsection (g) of 11 U.S.C. § 110, at a minimum, the sum of $500.00.

## SEVENTH CAUSE OF ACTION
### [Fraudulent, unfair or deceptive conduct—11 U.S.C. § 110(j)]
### [Permanent injunction]

40. The plaintiff realleges here the prior paragraphs of this complaint relevant to and consistent with this cause of action.

41. Defendant Trotter intentionally and with the intent to defraud the debtor and many other debtors misrepresented the extent of bankruptcy petition preparer services that he could lawfully provide.

42. Defendant Trotter in the course of dealings with the debtor and many other debtors engaged in actions constituting fraudulent, unfair, and deceptive practices in the bankruptcy petition preparer area.

43. Defendant Trotter in the course of dealings with the debtor and many other debtors and in the course of operating his petition preparer business intentionally and fraudulently misrepresented his experience and qualifications as a bankruptcy petition preparer.

44. Defendant Trotter will continue these practices and will continue to interfere with the proper administration of 11 U.S.C. § 101, *et seq*., unless he is enjoined from such conduct.

45. Defendant Trotter's conduct violates 11 U.S.C. § 110(j).

46. Defendant Trotter should be permanently enjoined from engaging in these practices and from acting as a bankruptcy petition preparer or assisting or supporting any entity or individual in the bankruptcy petition preparer business in any federal district.

WHEREFORE, the plaintiff requests that the Court:

1. Permanently enjoin Defendant Trotter from engaging in the unauthorized practice of law in any existing or potential bankruptcy case or proceeding in any federal district;

2. Fine Defendant Trotter the maximum of $500.00, for each and every violation of 11 U.S.C. § 110(b);

3. Cancel the compensation agreement(s) between the debtor and Defendant Trotter and require him to disgorge or turn over all funds paid to him by the debtor;

4. Fine Defendant Trotter the maximum of $500.00, for each and every violation of 11 U.S.C. § 110(c);

5. Fine Defendant Trotter the maximum of $500.00, for each and every violation of 11 U.S.C. §110(g);

6. Permanently enjoin Defendant Trotter from violating 11 U.S.C. § 110 and from acting as a bankruptcy petition preparer and from assisting or supporting any entity or individual in the bankruptcy petition preparer business; and

7. Grant the plaintiff such other relief as is just and appropriate.

        W. CLARKSON MCDOW, JR.
        United States Trustee
        Region Four

By: /s/ John T. Stack
    John Timothy Stack
    Trial Attorney
    Dist. Ct. I.D. No. 4272
    1835 Assembly Street, Ste. 953
    Columbia, SC 29201
    (803) 765-5218
    John.T.Stack@usdoj.gov

Date: 9/30/04